PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED

DEC 27 2021

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

Jordan Bailey Smalley-Hopper #2324386
Plaintiff's Name and ID Number

Marshal Formby
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v.

Texas Department of Criminal Justice
Defendant's Name and Address

Management Training Corporation
Defendant's Name and Address

Jester 1 1 Jester Rd. Richmond, Tx 77406
Defendant's Name and Address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim. Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
  A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES **X** NO
  B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
    1. Approximate date of filing lawsuit: _____
    2. Parties to previous lawsuit:
       Plaintiff(s) _____
       Defendant(s) _____
    3. Court: (If federal, name the district; if state, name the county.) _____
    4. Cause number: _____
    5. Name of judge to whom case was assigned: _____
    6. Disposition: (Was the case dismissed, appealed, still pending?) _____
    7. Approximate date of disposition: _____

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: Marshal Formby

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?   X YES  ___NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Jordan Bailey Smalley-Hopper

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Anthony Effanga (Address TBD)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Claim 1.

Defendant #2: Adenira Oladele
Huntsville 815 12th Street Huntsville, TX 77406

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Claim 2.

Defendant #3: Lekisha Hunter
Lychner 2350 Atascocita Road Humble, TX 77396

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Claim 3.

Defendant #4: Debbie Kegley Siebert (Address TBD)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Claim 4.

Defendant #5: Kendrick Demyers
Clemens 11034 hwy 36 Brazoria, TX 77422

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Claim 5.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Claims 1-5 are written and attached on reverse of this document.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Claim for relief is attatched on reverse of this document.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Jordan Hopper   Jordan Bailey Smalley - Hopper

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
#2277961   #2324386

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date sanctions were imposed: _____
  4. Have the sanctions been lifted or otherwise satisfied? ___ YES X NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed? \_\_\_\_ YES  X  NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date warning was issued: _____

Executed on: 12-22-21
DATE

*Jordan Bailey Smalley-Hopper*
*Jordan Hopper*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this \_\_22\_\_ (Day) day of \_\_December\_\_ (month), 20 \_21\_ (year).

*Jordan Bailey Smalley-Hopper*
*Jordan Hopper*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

## III. Exhaustion of Grievance Procedures

The step 1, step 2, and formal complaint's in regard's to this complaint were never returned/responded to. I have written several letter's in attempt to obtain copy's of these form's from TDCJ but have had no response or refuse to respond to the relevant request for such document(s).

After paying a legal aid I do hope to be able to obtain grievance's I filed at Jester 3 in accordance to this suit.

(To be added/amended.)

## V. Statement of Claim

Defendant: TDCJ A. Effanga

On February 24th at the rockwell building on the Jester 1 unit / SAFP-F program in Richmond, Tx I got into a mild dissagreement with an officer A. Effanga. This dissagreement was/did occur in front of over 30 people. After the dissagreement was over this officer told me to return to my seat so I did. Later after I had returned to my seat the officer came back over to me and pulled me out of group into the hall where a Sergeant (claim2) soon arrived. This officer had called Sergeant O'Ladele (claim2) and claimed I had threatened to harm him. I tried to explain to this sergeant that I did not threaten to harm this officer but he would not listen. This officer knowingly and willingly lied to a sergeant and on a TDCJ case with the personal intent to have me segregated / disscharged. This incident Directly resulted in me being disscharged from the SAFP-F Program and then furthermore being sentenced to serve 8 years in the Texas Department of Criminal Justice System.

V. Statement of Claim  — Claim 2 —  Defendant: TDCJ Adenira Oladele

This Sergeant being rank on unit at the time of the before mentioned incident in claim 2, and having knowledge of the SAFP-F program as a behavior modification program, was and had the ability to handle the before mentioned incident with informal resolution and also question multiple witness at or immediately after the officers allegations. Instead of following any of this procedure this defendant refused to allow me to see/speak to a higher rank and immediately had me removed from the unit. This sergeant did this intentionally due to his opinion of the officer's allegations. This resulted in my being unsuccessfully discharged from the SAFP-F program and sentenced to serve eight years in the Texas Department of Criminal Justice System.



Statement of Claim

V.

Defendant: TDCJ Lekisha Hunter

On or about February 26th, 2020 I was served a TDCJ case by Captain Lekisha Hunter at the Jester 3 unit in Richmond, Tx. After explaining the incident (Claim 1) and having the Captain state she was finding me guilty I asked her on what grounds to which she replied, "I am just going off of what the officer said", she also wrote this on the case. No witness were called and no case investigation was held/allowed. This captain knowingly and intentionally did not complete/follow proper procedure due to the nature of the case allegation, the fact that the Jester 1 unit was in the process of being closed down, and also due to the corona virus begining to impact the area. This negligence resulted in my being unsucessfully disscharged from the SAFP-F program and my being sentenced to serve eight years in the Texas Department of Criminal Justice System.



Statement of Claim Claim 1.

V.

Defendant: Debbie Kegey Siebert

On or about March 10th, 2020 at the Jester 3 Unit, after the rescheduling of my TTM call by a Deborah Carlton, (the Jester 1, SAFP-F Unit's Senior Counselor) Due to proper procedure/Due process having yet to be fulfilled, my TTM call was intentionally moved forward to March 12th, 2020 by the Jester 1 SAFP-F Director Debbie Siebert. Her intentionally moving my TTM date up caused due process/proper procedure to not be fulfilled. This haste was due to the Director's personal thoughts/opinion of the TDCJ case/officer's testimony (Claim 2), the closing state of the Jester 1 unit, and the begining of the corona virus outbreak in the Area. The procedure/due process in question that was violated was my SAFP-F grievance procedure, a procedure I signed for upon entering the program. The disciplinary procedure that was to be taken through this behavior modification program, as well as my right to be heard during my TTM call. Other issues on v (Discharge) paperwork showing procedures to be taken that were not did occur.

I also was not allowed my daily / primary counselor, (Someone I met with daily, vital to my SAFP-F program) or a senior councelor present at my TTM call. Had these people been there they would have agreed due process / proper procedure had yet to be fulfilled. With only the MTC Director, a class 3 councelor (lowest class/Rank), and a Jester 3 assistant warden present I feel like proper rank and process was left out so that a disscharge could be given without question.

This and these incidents resulted in my being disscharged for my first major case in six months of a nine month program (rehab program), being bench warranted for this disscharge and furthermore being sentenced to serve eight years in the Texas Department of Criminal Justice System.

V. Statement of Claim    Claim: 5
    Defendant: TDCJ Kendrick Denyers

Warden Kendrick Denyers, the acting SAFP-F warden over the Jester 1 Unit at the time of my disscharge, was not present during my TTM call/disscharge, nor did he sign off on my disscharge paperwork. The present/signing warden was an assistant warden of Jester 3, a person with no Relation to the SAFP-F program at Jester 1 or my disscharge.

# VI. Relief:

In the form of relief I would like to ask the courts to consider compensatory relief for the filing fee, and lost wages for the months of June, 2020, (I was scheduled to discharge the program in May, 2020) through the months up until the courts verdict.

These wages would be based off of my previous years of employment as an experienced diesel mechanic with a Monday-Friday, eight hour day, at ten dollars an hour.

The second form of relief asked simply would be for the courts to find in favor of myself/Plaintiff on the before mentioned claims in a court setting. An obvious request for relief, this is asked due to my ongoing appeal that this verdict would carry over to as evidence.

I would like to thank the courts for their time. I pray they will give me the opportunity to present myself before them.